UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

LORENZO SALAS,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7: 17-123-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Lorenzo Salas has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Salas' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On December 3, 2007, Salas was arrested by local police in Austin, Texas for possession of a controlled substance. Two days later, he was charged with violating the terms of his parole from a prior conviction for attempted murder. On April 1, 2008, a federal grand jury issued an indictment charging him with conspiracy and possession with intent to distribute five kilograms or more of cocaine. A federal bench warrant was issued for his arrest the same day, and he was

taken into federal custody on April 2, 2008, subject to the state's detainer for a parole violation. Salas pled guilty to the federal offense and was sentenced on September 12, 2008 to 144 months imprisonment. *United States v. Salas*, No. 1: 08-CR-84-SS-1 (W. Tex. 2008).

Salas was then returned to Texas authorities pursuant to the state detainer, and on October 8, 2008, a revocation sentence was imposed for violating the terms of his parole. He remained in Texas custody in service of his state sentence until he was paroled on August 19, 2009. At this time he was transferred to BOP custody to begin service of his federal sentence. In 2015, Salas filed a motion in the trial court for additional credit against his sentence, claiming that the federal court had ordered his federal sentence to run concurrently with his state sentence and ordered that he should get "credit for time served" since his arrest. The trial court denied that motion in November 2015, both because neither of those things was true and because Salas' avenue for relief, if any, was to file a § 2241 petition. *Id*.

In his petition, Salas seeks credit against his federal sentence beginning on December 3, 2007 (the day he was arrested by state police), presumably through August 19, 2009, the day before his federal sentence began. As grounds for relief, he contends that Texas surrendered primary jurisdiction over him when it transferred him to federal marshals pursuant to the federal bench warrant. [R. 1 at 7]

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of

>imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>>(1) as a result of the offense for which the sentence was imposed; or
>>
>>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

Absent application of some exception, under Section 3585(a) Salas' sentence commenced when he was received into federal custody to begin service of it on August 20, 2009. *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010) ("A consecutive [federal] sentence imposed on a defendant already in state custody, however, cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.") (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). Because he seeks credit for time he spent in custody preceding this date, its availability is governed by Section 3585(b). However, because the time period he spent in Texas custody was credited against his state sentence [R. 1-1 at 5], it may not be "double counted" against his federal sentence. *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003). Following this approach, the BOP denied Salas's request for prior custody credits. [R. 1-1 at 6-7]

Having reviewed Salas' arguments and the BOP's calculations, it is clear that Salas is not entitled to the credits he seeks. Under no circumstances could Salas be entitled to federal credit from the date of his arrest by state authorities on December 3, 2007 to the date he was transferred into federal custody on April 1, 2008. This time was credited against his state sentence, and Section 3585(b) forbids counting it a second time against his federal sentence. *United States v.*

3

*Wilson*, 503 U.S. 329, 337 (1992) ("... Congress made clear that a defendant could not receive a double credit for his detention time.").

As for his transfer into federal custody on April 2, 2008, that transfer did not cause the State of Texas to lose its priority of jurisdiction. A state surrenders its primary jurisdiction only through acts clearly reflecting its intention to do so by (1) dismissing its charges against the defendant, (2) releasing him on bail, (3) paroling his sentence, or (4) through the natural expiration of his sentence. Cf. *Elwell v. Fisher*, 716 F.3d 477, 481-82 (8th Cir. 2013); *Berry v. Sullivan*, No. 07-5965(JAP), 2007 WL 4570315, at *3 (D.N.J. 2007). For that reason, a temporary transfer of a state prisoner into federal custody through a writ of habeas corpus *ad prosequendum* will not subordinate the state's primary jurisdiction. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.") (superseded on other grounds by statute as recognized in *United States v. Saintville*, 218 F.3d 246 (3d Cir. 2000)).

The fact that Salas was taken into federal custody pursuant to a warrant rather than a writ makes no difference; the state permitted the transfer only with a state detainer going along for the ride, ensuring Salas' prompt return to state custody the moment the federal prosecution was over. The circumstances evidence Texas' intent to retain its jurisdiction, not waive it. Since Texas did none of the four things constituting an express waiver of priority, nor have the courts ever inferred such a waiver, cf. *Taccetta v. Federal Bureau of Prisons*, 606 F. App'x 661, 664 (3d Cir. 2015), the BOP has properly denied his request for additional custody credits under Section 3585(b).

Accordingly, **IT IS ORDERED** that:

1. Salas' petition [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated July 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY